UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>             v.<br><br>GILBERTO BAEZ RIVERA (1),<br><br>    Defendant/Petitioner. | NO. CR-05-2075-EFS-1<br>(NO. CV-09-3124-EFS)<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE SENTENCE** |

BEFORE THE COURT is Defendant/Petitioner Gilberto Baez Rivera's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 1735), which asserts two grounds for habeas relief.[1] Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must examine a § 2255 motion and the record to determine whether summary dismissal is warranted. Rule 4(b), 28 U.S.C. foll. § 2255. "If it plainly appears from the face of the motion and any annexed exhibits and

---

[1] Also, before the Court is Mr. Rivera's Motion Requesting Leave to File Excess 25 Page Memorandum (Ct. Rec. 1734). The Court finds good cause to grant Mr. Rivera permission to file an over-length brief and accepts Mr. Rivera's twenty-nine page brief.

ORDER ~ 1

the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." *Id.*; *see also Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). Viewing the record under this standard, the Court dismisses both of Mr. Rivera's claims for the reasons given below.

Mr. Rivera's first claim argues that a) the affidavit filed in support of a wiretap search warrant was based on stale information in violation of the Fourth Amendment and b) trial and appellate counsel provided ineffective assistance of counsel by failing to raise this argument. To support his staleness arguments, Mr. Rivera points out that Agent Schrock's March 14, 2005 Affidavit in Support of Application for Order Authorizing Interception (Ct. Rec. 710-4 p. 52; hereinafter referred to as "Affidavit") for Target Telephones 1 and 2 details searches of Mr. Rivera's residence by state law enforcement pursuant to search warrants on August 2, 1999, and October 17, 2002. Mr. Rivera also highlights that, although drugs, a significant amount of cash, and firearms were found during these searches, the state did not obtain either drug possession or drug trafficking convictions based on the obtained evidence. However, the Affidavit continues at great length to discuss the results of the federal investigation that began in August 2003 of the Rivera drug trafficking organization. This federal investigation included pen registers, confidential sources, sources of information, arranged drug purchases, physical surveillance, use of an undercover agent, and trash runs. In pertinent part, the Affidavit details the following information was obtained about Mr. Rivera:

- "In July 2003, [a confidential source] provided information regarding the RIVERA drug trafficking organization . . . . [The confidential source] identified SABINO as "the brains" behind the organization, that GILBERTO was "in-charge" and that RIGOBERTO was a cocaine user." (Ct. Rec. 710-4: Affidavit p. 13.)

- "[In 2005, a source of information] informed the agents that he/she was a member of the Valencia drug trafficking organization, that the Valencia drug trafficking organization supplied narcotics to GILBERTO, and that he/she had obtained a residence in June 2003 from GILBERTO in exchange for narcotics." *Id.* p. 14.

- "On March 20, 2003, . . . [a source of information] stated that he/she was aware that GILBERTO receives as much as 80 kilograms of cocaine at a time from a Mexico-based source of supply." *Id.* p. 15.

After reviewing the affidavit in its totality, the Court finds Mr. Rivera cannot succeed on a staleness argument. An affidavit contains stale information if it fails to contain facts "'so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time.'" *Durham v. United States*, 403 F.2d 190, 193 (9th Cir. 1968). Because the Affidavit detailed "the existence of a widespread, firmly entrenched, and ongoing narcotics operation," the Court concludes that the record conclusively shows that Mr. Rivera will not succeed on his Fourth Amendment staleness argument.[2] Likewise, the Court determines

---

[2] In April 2005, Agent Schrock sought and obtained wiretaps for three other telephones, one of which was subscribed to and used by Gilberto Rivera. Because the information contained in these two subsequent affidavits was substantially similar to the March 14, 2005 affidavit, absent the recently-obtained investigative information, the Court analyzes Mr. Rivera's staleness argument only as it relates to the

ORDER ~ 3

that defense counsels' decision to not present a staleness argument either pretrial or on appeal was objectively reasonable. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) ("When a convicted defendant complains of ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.")

Mr. Rivera's second claim argues that a) the United States breached the plea agreement by producing evidence that Mr. Rivera was a leader or organizer of the drug conspiracy and b) counsel provided ineffective assistance by failing to argue on appeal that the United States breached the plea agreement.  The Court dismisses this claim because the Plea Agreement specifically permitted the United States to "recommend[] a four level enhancement as a leader and organizer of a criminal activity that involved five or more participants, pursuant to USSG § 3B1.1(a)."  (Ct. Rec. 1091 p. 15.)  Therefore, the United States clearly did not breach the plea agreement by producing "leader/organizer" evidence, and defense counsel's decision to not present a "breach" argument on appeal was objectively reasonable.

Accordingly, **IT IS HEREBY ORDERED:**

1.   Mr. Rivera's Motion Requesting Leave to File Excess 25 Page Memorandum **(Ct. Rec. 1734)** is **GRANTED**; the twenty-nine page brief **(Ct. Rec. 1736)** is **ACCEPTED**.

---

initial March 14, 2005 affidavit.

ORDER ~ 4

2. Mr. Rivera's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(Ct. Rec. 1735)** is **DISMISSED**.

3. The Court **DECLINES** to issue a certificate of appealability.

4. The related civil case file shall be **CLOSED**.

**IT IS SO ORDERED**. The District Court Executive is directed to

A. Enter this Order;

B. Provide a copy of this Order to the United States and to Mr. Rivera at the following address:

> Gilberto Baez Rivera
> Reg. # 16252-085
> F.C.I. Sheridan
> P. O. Box 5000
> Sheridan, OR 97378.

**DATED** this ___1st___ day of March 2010.

                    S/ Edward F. Shea
                    EDWARD F. SHEA
                United States District Judge

Q:\Criminal\2005\2075.1.dism2255.wpd

ORDER ~ 5